# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENINSULA LIFE SETTLEMENT FUND SPC, CLASS A SEGREGATED PORTFOLIO,<br><br>Plaintiff,<br>vs.<br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 11cv385WQH (JMA)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Relief from Jury Waiver filed by Plaintiff Peninsula Life Settlement Fund SPC. (ECF No. 10).

## BACKGROUND

On January 24, 2011, Plaintiff filed a complaint in the San Diego County Superior Court alleging breach of contract and tortious breach of the duty of good faith and fair dealing. Plaintiff is represented by attorneys Chip Edleson and Joann Rezzo. (ECF No. 1-1 at 12). On February 24, 2011, Defendant removed the action to this Court. (ECF No. 1). On April 1, 2011, Defendant filed an answer to the complaint. (ECF No. 6).

On April 26, 2011, Plaintiff filed a Jury Demand (ECF No. 11) and a Motion for Relief from Jury Waiver pursuant to Federal Rule of Civil Procedure 39(b). (ECF No. 10). Plaintiff contends that the Court should exercise its discretion to grant relief from the jury waiver. *Id.* Plaintiff contends that Defendant will not suffer any prejudice if the jury demand is accepted.

1  *Id.* Plaintiff's counsel, Joann Rezzo, submits a declaration and states that she intended to make a demand for jury trial; however, she "failed to do so because of events concerning [her] 86-year old mother who was undergoing cancer treatments." (ECF No. 10-2 at 2).

On May 16, 2011, Defendant filed a response to Plaintiff's motion. (ECF No. 14). Defendant contends that Plaintiff's jury demand was untimely and that no circumstances exist in this case that warrant relief. *Id.* Defendant asserts that Edleson could have filed a timely jury demand while his co-counsel Rezzo was caring for her mother. *Id.*

On May 23, Plaintiff filed a reply. (ECF No. 15). Plaintiff submitted the declaration of Chip Edleson, counsel for Plaintiff, who states that Ms. Rezzo "works as my partner" and that "Ms. Rezzo was taking care of the jury demand in this matter and [I] had no reason to suspect she did not do so." (ECF No. 15-1 at 2). Edleson states that "she routinely handles this task" and that "I had no reason to suspect that she did not do so." *Id.*

## DISCUSSION

A party may demand a jury trial, on an issue triable by a jury, "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(d). In this case, Defendant filed an answer to the complaint on April 1, 2011. (ECF No. 6). A jury demand was due no later than April 15, 2011, but Plaintiff filed a jury demand on April 26, 2011. The Court finds that Plaintiff failed to file a timely jury demand.

Relief from waiver of jury trial may be sought under Rule 39(b), which states that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). "The district court's discretion under Rule 39(b) is narrow and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence ..." *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins. Ltd.,* 239 F.3d 1000, 1002-03 (9th Cir. 2001); *see also Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997) (describing the Ninth Circuit interpretation of Rule 39(b) as "a bright line rule"); *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1285 (9th Cir. 1982) (refusing to grant relief where "assisting counsel ... did not detect the oversight and file a demand before the deadline had passed"); *Chandler Supply Co. v. GAF Corp.*, 650 F.2d 983, 987-88 (9th Cir.

1980) (refusing to grant relief where "the lawyer in charge of the case ... was swamped with other work when the complaint was being prepared").

In this case, Plaintiff is represented by two attorneys, Chip Edleson and Joann Rezzo. Neither attorney filed a timely demand for jury trial. Even if Rezzo's failure to demand a jury trial was not due to oversight or inadvertence, Edleson has not shown that his failure to demand a jury trial was not due to oversight or inadvertence. (ECF No. 10). The Court concludes that the facts in this case do not support relief from jury waiver pursuant to Rule 39(b).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Relief from Jury Waiver filed by Plaintiff Peninsula Life Settlement Fund SPC (ECF No. 10) is DENIED.

DATED: August 11, 2011

**WILLIAM Q. HAYES**
United States District Judge